UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHAEL ANDREWS,**

    **PLAINTIFF,**                     Case No.: 8:21-cv-00193

v.

**CI FLORIDA, LLC.,**

    **DEFENDANT.**

_____/

## COMPLAINT

Plaintiff, by and through his counsel, brings this action for damages and alleges that he was discriminated against on the basis of his race and was later retaliated against by Defendant based on his complaints about racial discrimination. In further support of his allegations, Plaintiff states as follows:

### Parties

1. Plaintiff, Michael Andrews was an employee of the Defendant, CI Florida, LLC., in the four years prior to this action.

2. Defendant is a for-profit, domestic corporation operating as a cigar lounge.

3. Plaintiff worked as a laborer for Defendant from approximately September 14, 2020 until December 26, 2020.

### Jurisdiction

4. Plaintiff is domiciled in Hillsborough County, Florida.

5. Defendant is a corporation domiciled in Hillsborough County, Florida.

6. Defendant conducts business and employed Plaintiff in Hillsborough County, Florida and the amount in controversy exceeds $42,155.00

7. All material events occurred in Hillsborough County, Florida.

8. This lawsuit has been filed in a timely manner.

9. All prerequisites have been satisfied.

10. Plaintiff is a Black male and therefore a member of a protected class.

11. Defendant is subject to 42 U.S.C 1981.

12. Plaintiff is entitled by virtue of 42 U.S.C. 1981 to be protected from racial discrimination and is further entitled to be free from retaliation in the workplace for reporting to his employer Plaintiff's race-based discrimination related complaints.

## General Factual Allegations

13. Plaintiff was employed by Defendant as a laborer.

14. During the entirety of Plaintiff's employment with Defendant, Defendant treated Plaintiff with hostility and in a desperate manner because of Plaintiff's race, Black.

15. During the entirety of Plaintiff's employment with Defendant, Plaintiff was the only Black employee in Defendant's employ.

16. Defendant's employees and managers regularly and habitually made racists, derogatory, and racially charged statements to Plaintiff.

17. During Plaintiff's employment, Defendant routinely mocked and antagonized by repeatedly stating that Plaintiff loves drinking Kool-Aid. The statements were calculated and derogatory racial insults against Plaintiff based on the widely believed stereotype that Black people love Kool-Aid.

18. Defendant did not state, intimate, or suggest that other non-Black people loved eating watermelon. The derogatory statements were exclusively reserved for Plaintiff because of his race.

19. During Plaintiff's employment, Defendant routinely mocked and antagonized by repeatedly stating that Plaintiff loves eating watermelon. The statements were calculated and derogatory racial insults against Plaintiff based on the widely believed stereotype that Black people love to eat watermelon.

20. The unwanted racially hostile environment was premised in race and was directed towards Plaintiff on account of Plaintiff's race (Black) and would not have occurred but for Plaintiff's race.

21. Defendant did not state, intimate, or suggest that other non-Black people loved eating watermelon. The derogatory statements were exclusively reserved for Plaintiff because of his race.

22. During Plaintiff's employment with Defendant, Defendant did not desire to converse with Black customers and forced Plaintiff to converse with the Black customers so that Defendant's White employees would not have to do so.

23. Defendant did not order White employees to converse with Black customers when Plaintiff was working for Defendant.

24. On or about November 4, 2020, Plaintiff made a good-faith complaint directly to Defendant's human resources department about the racially hostile and discriminatory treatment that he had experienced while working for Defendant.

25. Despite Plaintiff's complaints, Defendant did not resolve the matter, instead, the racial hostility and discrimination persisted and worsened.

26. In or about December 2020, Plaintiff and several White employees were working inside Defendant's humidor when customers of Middle Eastern decent entered the humidor.

27. Upon their entry into the humidor, the White employees made numerous distasteful and off-color racial comments and "jokes" about the customers.

28. The customers heard the comments and reported the incident to Defendant.

29. Defendant did not conduct and investigation and instead terminated Plaintiff, alone.

30. Stated differently, although there were multiple White employees in the humidor making racist comments about Defendant's customers, Defendant terminated the only Black employee, Plaintiff, and did not discipline the White employees who made the racist statements and "jokes."

31. Plaintiff was terminated because of his race, Black. He was punished more severely and treated less favorably than White employees who were in the humidor with Plaintiff.

32. Plaintiff was terminated by Defendant because he made complaints to Defendant about racial discrimination he experienced while working for Defendant.

33. Prior to Plaintiff's complaint about racial discrimination in November 2020, he had not been the subject of any disciplinary actions, and was a high performing employee.

34. Prior to Plaintiff's termination on December 26, 2020, he had not received any negative performance evaluations and was not on any performance improvement plan.

35. Plaintiff had no reason to believe that he would be terminated on December 26, 2020.

36. Defendant did not provide any reason for terminating Plaintiff.

## Count One
## Race Discrimination in violation of 42 U.S.C. 1981

37. Plaintiff hereby incorporates and re-alleges 1-36, above.

38. Plaintiff is a Black male and therefore a member of a protected class due to his race.

39. Plaintiff was employed by Defendant from approximately September 14, 2020 until December 26, 2020.

40. Plaintiff terminated by Defendant on December 26, 2020.

41. Plaintiff was subjected to racially disparate workplace environment repeatedly throughout the period of time in which Plaintiff worked for Defendant.

42. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

43. Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black male.

44. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

45. 42 U.S.C. § 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

46. Under 42 U.S.C. 1981, Defendant was not permitted to subject Plaintiff to a racially disparate workplace.

47. Despite the provisions of 42 U.S.C. 1981, Defendant both subjected Plaintiff to a racially hostile workplace in violation of 42 U.S.C. 1981 and took adverse employment actions against Plaintiff.

48. Plaintiff was financially and emotionally damaged as a direct result of Defendant's discriminatory treatment and retaliation.

## Count Two
## Retaliation in violation of 42 U.S.C. 1981

49. Plaintiff hereby incorporates and re-alleges 1-36, above.

50. Plaintiff is a Black male and therefore a member of a protected class due to his race.

51. Plaintiff was employed by Defendant from approximately September 14, 2020 until December 26, 2020.

52. Plaintiff was subjected to racially disparate workplace environment repeatedly throughout the period in which Plaintiff worked for Defendant.

53. Defendant consistently and habitually treated Plaintiff in a less favorable manner than non-Black employees in Defendant's workplace.

54. Defendant treated Plaintiff in a less favorable manner than non-Black employees because Plaintiff is a Black male.

55. Plaintiff was entitled to be treated in the same manner as non-Black employees and was entitled to receive the same terms, conditions, privileges, and benefits as the non-Black employees in Defendant's workplace.

56. 42 U.S.C. 1981, in pertinent part states "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other, thereby prohibiting employers such as Defendant from subjecting Plaintiff to a racially hostile work place.

57. Plaintiff reported and objected to the racially disparate workplace which Plaintiff was subjected while employed by Defendant.

58. In fact, Plaintiff complained and objected to Defendant's human resources department about Defendant's racially discriminatory treatment and behavior towards Plaintiff due to his race.

59. Plaintiff complaints were made directly to Defendant, and was told his meetings with Human Resources would be documented.

60. Plaintiff's complaints were made in good faith and were protected activities.

61. Under 42 U.S.C. 1981, Defendant was not permitted to retaliate against Plaintiff for his good faith complaints to Defendant.

62. Despite the provisions of 42 U.S.C. 1981, Defendant retaliated against Plaintiff with extreme prejudice in direct response to Plaintiff good faith complaints about racial discrimination.

63. Defendant terminated Plaintiff's employment because Plaintiff complained about racial discrimination.

64.  Plaintiff was financially and emotionally damaged as a direct result of Defendant's retaliatory behavior.

## Jury Demand and Prayer for Relief

WHEREFORE, Plaintiffs desires a trial by jury and judgment and all relief available under 42 U.S.C. 1981, including emotional distress, punitive, compensatory damages as well as reasonable attorney fees and costs and pre-judgment interest, not back or front pay.

Respectfully submitted this 26th day of January, 2021.

/S/ Kyle J. Lee
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
Info@KyleLeeLaw.com